UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-08325-VAP-JDEx | Date | December 1, 2021 |
| Title | Sandra B. Arana, et al. v. Ford Motor Company, et al. | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiffs:   Attorney(s) Present for Defendants:

None Present                          None Present

**Proceedings:   MINUTE ORDER DENYING MOTION TO REMAND [DKT. 10] (IN CHAMBERS)**

Before the Court is a Motion to Remand ("Motion") filed by Plaintiffs Sandra B. Arana and Raul Arana ("Plaintiffs") on November 12, 2021. (Dkt. 10). Defendant Ford Motor Company ("Defendant") filed an Opposition on November 22, 2021 (Dkt. 12), and Plaintiffs filed a Reply on November 29, 2021 (Dkt. 13). The Court finds this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15. After considering all papers filed in support of, and in opposition to, the Motion, the Court **DENIES** Plaintiffs' Motion.

## I. BACKGROUND

Plaintiffs filed this action in the Los Angeles Superior Court on May 27, 2021, asserting five claims under California's Song-Beverly Consumer Warranty Act ("Song Beverly Act" or "Act") relating to their purchase of a 2014 Ford Escape (the "Vehicle"). (*See* Dkt. 1-2, "Complaint"). Defendant removed the action to this Court on October 20, 2021 based on diversity jurisdiction. (Dkt. 1, "Notice of Removal"). Defendant contends that complete diversity of citizenship exists between Plaintiffs and Defendant and that the amount in controversy as to

Plaintiffs' individual claims exceeds $75,000.  (*Id.* ¶¶ 5-9).  Accordingly, Plaintiffs filed this Motion, challenging Defendant's allegations as to complete diversity and the amount in controversy.  (*See* Dkt. 10).

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which the federal courts could exercise their original jurisdiction.  A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs.  28 U.S.C. § 1332.  "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  A defendant "always has the burden of establishing that removal is proper."  *Id.*  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

## III.     DISCUSSION

Plaintiffs argue that this lawsuit should be remanded to state court because Defendant's Notice of Removal "fails to meet its heavy burden of establishing that the amount in controversy satisfies the federal jurisdictional threshold," thus making diversity jurisdiction improper.  (Dkt. 10-2 at 5).  The Court addresses the merits of this argument below.

### A. Amount in Controversy

A defendant who removes an action to federal court bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,

1117 (9th Cir. 2004); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*per curiam*) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).

Here, although Plaintiffs' Complaint alleges only that Plaintiffs "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001," (Dkt. 1-2, ¶ 19), Defendant met its burden of showing that the jurisdictional minimum is satisfied.

**1.   Actual Damages**

Actual damages under the Song-Beverly Act are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)-(C).  The reduction is based on the number of miles the buyer has driven prior to the first attempted repair (often called the "use offset").  *Id.*  To determine the amount directly attributable to the buyer's use of the vehicle, the manufacturer multiplies the price of the vehicle the buyer paid or will pay by a fraction, the denominator of which is 120,000, and the numerator the number of miles the buyer drove the car before the first relevant repair.  *Id.*  This calculation provides the actual damages that Plaintiffs suffered.

The Retail Installment Sales Contract ("RISC") for the Vehicle here lists a total purchase price of $33,798.96.  (*See* Dkt. 1, ¶ 11).  Plaintiffs specifically seek the "remedies provided in California Civil Code section 1794(b)(1)," including the entire contract price.  (Id.)  As such, Plaintiffs' Complaint seeks $33,798.96 less the statutory mileage offset.

Based on the RISC, the Vehicle was purchased with 21 miles on the odometer.  The mileage on the Vehicle on the first occasion that it was brought into the dealership for repair of the alleged defect was 24,301 (Dkt. 1-2, ¶ 11).  The Court adopts Defendant's reduction in value of $6,838.66.  (Dkt. 1, ¶ 11) ($6,838.66 calculated as follows: (24,301-21)/120,000) x $33,798.96 (the purchase price of the vehicle)).  Accordingly, the Court estimates the amount of restitution available pursuant to the Song-Beverly Act to be $33,798.96 minus the mileage offset of $6,838.66, or $26,960.30.

**2.  Civil Penalty**

If a court determines that a defendant's failure to comply with the terms of the Act is willful, a successful plaintiff is entitled to recover civil penalties of up to twice the amount of the actual damages.  Cal. Civ. Code §§ 1794 (c).

Here, Plaintiffs allege that Defendant's failure to comply with its obligations under the Song-Beverly Act was "willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so."  (Dkt. 1-2, ¶ 31); *see also Park v. Jaguar Land Rover N. Am., LLC*, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020) ("Plaintiff's own allegations support the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination").  As the amount of actual damages available as restitution is $26,960.30, the maximum available civil penalty is twice that amount, or $53,920.60.  Accordingly, the sum of the restitution and civil penalty amounts in controversy is $80,880.90.

The Court therefore finds that the $75,000 jurisdictional requirement is satisfied.

### IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Remand this action to the Los Angeles Superior Court.

**IT IS SO ORDERED.**